# EXHIBIT "A"

**Plaintiff's Complaint**

RECEIVED
Sheriff
MAR 29 '12
ATLANTA LEGAL

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. _____

Date Filed _____

Attorney's address
Mitchell D. Benjamin, Esq.
Billips & Benjamin LLP
3101 Towercreek Pkwy, Suite 190,
Atlanta, GA 30339

Name and Address of Party to be Served
SunTrust Bank, c/o Reg. Agent, Raymond D.
Fortin, c/o Hasana R. Kelly
303 Peachtree St, Suite 3600
Atlanta, GA 30308

SUPERIOR COURT
GEORGIA, FULTON COUNTY

Jacqueline Owens, Individually
And on Behalf of All Others
Similarly Situated    Plaintiff
vs.

SunTrust BAnk
                    Defendant

**SHERIFF'S ENTRY OF SERVICE**

I have this day served the defendant _____ personally with a copy of the within action and summons.

I have this day served the defendant _____ by leaving a copy of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of the defendant.

Served the defendant Suntrust Bank c/o Hasana Kelly a corporation by leaving a copy of the within action and summons with R/A Shawnee Durham in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This 29 day of March 20 12

_____ #2522
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT

PERSONAL · NOTORIOUS · CORPORATION · TACK & MAIL · NON EST

6009 – 201 - 1201

# IN THE SUPERIOR COURT OF FULTON COUNTY
# STATE OF GEORGIA

JACQUELINE OWENS, Individually And On Behalf of All Others Similarly Situated,

**Plaintiffs**

vs.

SUNTRUST BANK

**Defendant.**

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT: SunTrust Bank, c/o Registered Agent for Service, Raymond D. Fortin, c/o Hasana R. Kelly, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mitchell D. Benjamin, Esq.
Billips & Benjamin LLP
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339

an Answer to the Complaint which is herewith served upon you, within 30 days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If discovery request are served with the Complaint, the Discovery Responses are due 45 days following the service of the Complaint.

This _____ day of _____, 2012.

Tina Robinson
**Clerk of Superior Court**

By _____
**Deputy Clerk**

To Defendant upon whom this petition is served:
This copy of Complaint and Summons was served upon you _____, 2012.

_____ Deputy Sheriff

COPY

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JACQUELINE OWENS, Individually And On Behalf Of All Others Similarly Situated,  :  | |
| : | CIVIL ACTION |
| Plaintiffs,   : | FILE NO. |
| : | |
| v.   : | |
| : | JURY TRIAL |
| SUNTRUST BANK   : | DEMANDED |
| : | |
| Defendant.   : | |

## COMPLAINT

COMES NOW Plaintiff, by and through her attorneys, and asserts her claims under the Fair Labor Standards Act ("FLSA") for overtime compensation and other relief, on the grounds set forth below:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant SunTrust Bank ("SunTrust") has its principal place of business in Fulton County and has its registered agent for service in Fulton County.

## PARTIES

3.

Plaintiff Jacqueline Owens ("Plaintiff") is a former employee of Defendant SunTrust having been employed from approximately 1997 until her termination on or about November 15, 2011.

4.

Defendant SunTrust Bank ("SunTrust") is a domestic corporation and is licensed to do business in the State of Georgia. Defendant SunTrust may be served with process via service on its registered agent for service Raymond D. Fortin, c/o Hasana R. Kelly, at his business address of 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.

### Factual Allegations Common To Plaintiff And The Class She Seeks To Represent

5.

Plaintiff brings this action on behalf of herself and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent to Become a Party Plaintiff in FLSA Action is incorporated herein as Exhibit "A".

6.

Defendant SunTrust is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of the employer in its interactions with Plaintiff and the class she seeks to represent and controlled the terms and conditions of employment of Plaintiff and the class on a day to day basis.

7.

This is a collective action brought by a former employee of Defendant for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendant's willful failure and to properly compensate her and other bank tellers for overtime worked and earned as required by the FLSA.

8.

Plaintiff and the class she seeks to represent were/are employees engaged in commerce and were/are employed by an enterprise engaged in commerce, *i.e.* working as bank tellers at SunTrust Bank, which conducts business within and outside the State of Georgia.

9.

In 2009, Defendant SunTrust had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A).

10.

In 2010, Defendant SunTrust had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A).

11.

In 2011, Defendant SunTrust had an annual gross volume of sales made or business done of not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

Plaintiff's work period and that of the class she seeks to represent, consisted of a seven day calendar week, beginning on Sunday and ending on Saturday.

13.

Throughout Plaintiff's employment with Defendant, Plaintiff and the class she seeks to represent routinely worked in excess of forty (40) hours per week.

14.

Throughout Plaintiff's employment with Defendant, and that of the class she seeks to represent, Plaintiff and the class were paid by the hour.

15.

Throughout Plaintiff's employment with Defendant, and that of the class she seeks to represent, their actual work time was supposed to be accurately recorded on a time clock.

## The Unlawful Compensatory Time Policy

16.

At least three years preceding the filing of this Complaint, Plaintiff and the other bank tellers who worked at Plaintiff's branch, were told by branch manager Marlene Jones that their timesheets would reflect that they worked forty hours each week, even if they worked longer than forty hours, and that any time worked over forty hours each week would be compensated by compensatory time the following week in the amount of time they had worked overtime the previous week.

17.

Defendant had Plaintiff and the other bank tellers at Plaintiff's branch take compensatory time instead of paying Plaintiff and the other hourly paid employees time and one half of their regular hourly rate for each hour worked in excess of forty in any given work period.

18.

The compensatory time taken by Plaintiff and the other bank tellers were not reflected on any timesheets.

19.

The above-referenced "compensatory time" policy violated the FLSA in that compensatory time is not permitted under the FLSA to substitute for overtime pay required to be paid under the FLSA, provided one hour of compensatory time for each hour of overtime worked and provided the compensatory time in a different work period than the one in which the overtime was worked.

20.

The above-referenced "compensatory time" policy also violated the FLSA's record-keeping requirements regarding the actual hours worked by Plaintiffs and the other bank tellers.

## Defendant Failed To Properly Compensate Plaintiff
## And The Other Bank Tellers For Meal Periods

21.

Plaintiff and the other hourly paid bank teller employees who worked at the same branch as Plaintiff were provided with a 45 minute meal break each day for which they were not compensated.

22.

Plaintiff and many of the other tellers routinely ate their lunches during their meal breaks in the "break room" provided by Defendant.

23.

Plaintiff and the other bank tellers who worked at the same branch as Plaintiff were not relieved of all duties during their unpaid meal breaks, and would frequently have their meals interrupted by work related business.

24.

As Plaintiff and the other bank tellers at her branch were not relieved of all duties during their 45 minute meal break, this time constituted compensable work for which Plaintiff and the other bank tellers must be compensated.

25.

The result of Plaintiff and the bank tellers at her branch having to perform work as necessary during their unpaid meal breaks has resulted in Plaintiff and each of these other employees being paid no wages at any rate for three hours and forty-five minutes of work each week.

26.

As Plaintiff and the other bank tellers at her branch worked in excess of forty hours most work periods, the unpaid meal periods constituted overtime worked but not paid.

27.

Plaintiff and the other bank tellers at her branch were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given work period.

28.

Throughout Plaintiff's employment with Defendant and that of the other bank tellers at her branch, they were not paid at the rate of time and half of their regular hourly rate for all hours worked in excess of forty in a workweek.

29.

Plaintiff complained to bank branch manager Marlene Jones several times that the policy of not properly recording the time actually worked and not paying overtime pay for all hours worked over forty in each week was a violation of the overtime law.

30.

Despite Plaintiff's repeated complaints to Marlene Jones that the above-referenced policy or practice violated the overtime law, the policy continued.

31.

Upon information and belief, the policies and practices of unlawfully compensating tellers for overtime worked by compensatory time and failing to pay the tellers for their meal breaks has continued after Plaintiff's employment ended in November, 2011.

32.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

33.

Defendant knew or should have known that the FLSA applied to Plaintiff and to the class she seeks to represent.

34.

Upon information and belief, in failing or refusing to pay Plaintiff and the class she seeks represent overtime wages as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiff and the other bank tellers were not entitled to overtime.

35.

Defendant has refused to adequately compensate Plaintiff and the class she seeks to represent for work in excess of forty hours per pay period, at the rates required by law, and has willfully refused to rectify the situation.

36.

Defendant is liable to Plaintiff and to each member of the class she seeks to represent who files a Consent to Join this FLSA Action, for compensation for any and all time worked in excess of 40 hours per seven day work period at the rate of at least one and one-half times the regular hourly rate.

37.

Defendant's conduct constitute willful violations of § 207 and 215 of the FLSA, entitling Plaintiff and each member of the class she seeks to represent who files a Consent to Join this FLSA Action, to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. § 207 AGAINST BOTH DEFENDANTS
(Overtime Violations)

38.

Paragraphs 1 through 37 are incorporated herein by this reference.

39.

Defendant's failure to compensate Plaintiff and the each member of the class she seeks to represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violations are intentional and willful. Said violations give rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation from three

years preceding the filing of this Complaint through the end of her employment, liquidated damages in an amount equal to the unpaid compensation and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

40.

Defendant's failure to compensate the class Plaintiff seeks to represent for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of §§ 207and 215 of the Fair Labor Standards Act of 1938, as amended. Such violations are intentional and willful. Said violations give rise to a claim for relief under the FLSA for each member of the class who joins this collective action for three years prior to the date such class member joins this action to the date of judgment, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA class action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue and Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the class she seeks to represent were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award Plaintiff payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(g) Award each member of the class Plaintiff seeks to represent payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(h) Award Plaintiff and each member of the class she represents prejudgment interest on all amounts owed;

(i) Award each Plaintiff and each member of the class she seeks to represent their reasonable attorney's fees and costs; and

(j) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 13th day of March, 2012.

|  |  |
|---|---|
| BILLIPS & BENJAMIN LLP<br>One Towercreek<br>3101 Towercreek Parkway, Suite 190<br>Atlanta, Georgia 30339<br>(770) 859-0751   Telephone<br>(770) 859-0752   Facsimile | /s/ Matthew C. Billips<br>MATTHEW C. BILLIPS<br>Georgia Bar No. 057110<br>MITCHELL D. BENJAMIN<br>Georgia Bar No. 049888<br>billips@bandblawyers.com<br>benjamin@bandblawyers.com<br><br>ATTORNEYS FOR PLAINTIFF |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JACQUELINE OWENS, Individually And On Behalf Of All Others Similarly Situated, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SUNTRUST BANK, : <br> : <br> Defendant. : | CIVIL ACTION FILE NO. <br><br><br> JURY TRIAL DEMANDED |

## CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. §201, ET SEQ.)

I, JACQUELINE OWENS, a former employee of SunTrust Bank consent to serve as a Plaintiff and Class Representative in the above-referenced action and to represent the interests of the class members with respect to all cognizable claims for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Retainer Agreement executed by the undersigned for such purpose.

This 13th day of March, 2012.

*Jacqueline Owens*
Jacqueline Owens

-15-