IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE OWENS, | : | |
| Individually AND On Behalf of All | : | CIVIL ACTION FILE NO.: |
| Others Similarly Situated, | : | 1:12-CV-01471-RWS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SUNTRUST BANK, | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO APPROVE SETTLEMENT IN FLSA ACTION
AND BRIEF IN SUPPORT THEREOF**

COME NOW the Parties, by and through their counsel of record, and hereby file this Joint Motion to approve the settlement reached in this FLSA collective action. In support of this motion, Plaintiffs file this brief, and show this Court as follows:

**I.      Preliminary Statement**

The parties have conditionally reached a settlement of this FLSA collective action. The executed Settlement Agreement is annexed as Exhibit "A" to this Motion. Pursuant to the Settlement Agreement, which the parties now ask the Court to approve, Defendant will pay Plaintiff Jacqueline Owens ("Owens") $18,000 and will pay opt-in Plaintiff Krista Silhavy ("Silhavy") $3,200. In

1

addition, Defendant will pay Plaintiffs' counsel attorneys' fees and costs of $26,300 through dismissal.  Both Plaintiffs have expressly accepted this offer.

### A.     Procedural History

This FLSA action was filed by Owens, a former employee of Defendant SunTrust Bank in the Superior Court of Fulton County, Georgia on March 16, 2012.  Defendant removed the case to this Court on April 27, 2012.  (Docket No. 1.)  In her complaint, Owens, a bank teller coordinator, alleged that she frequently worked during lunch breaks for which she was not compensated at all and that she often worked more time than was reflected on her time clock records.  Owens alleged that she was compensated for this additional time worked with compensatory time awarded in different pay periods than in which the work was performed, and that the compensatory time was awarded at the rate of one hour of compensatory time for each hour of off the clock overtime worked. She sought full payment for this alleged work at a rate of time and one half her hourly rate, an equal amount in liquidated damages and her attorneys' fees and costs.  Defendant denied the allegations in its Answer.

Thereafter, the parties engaged in extensive written discovery and Plaintiff Owens was deposed.  Plaintiff Silhavy joined this action on September 26, 2012. Written discovery was exchanged between the parties regarding the claims of

Silhavy as well. The written discovery included the voluminous time records of Plaintiffs, the time keeping policies of Defendant and witness statements. The deposition of Marlene Jones, the manager of both plaintiffs, was scheduled to occur on December 6, 2012, but the case was conditionally resolved on December 5, 2012.

On November 15, 2012, the date of Owens' deposition, Defendant served on plaintiffs an offer of judgment in which it offered Owens $17,031 and Silhavy $2,883.00, plus reasonable costs and attorneys' fees. That offer was rejected as it was deemed inadequate, but the parties continued to negotiate, until the instant settlement was reached.

## II.   **The Terms Of The Settlement**

Pursuant to the Settlement Agreement, Owens shall receive $18,000 and Silhavy shall receive $3,200. Half of each plaintiff's proceeds represents wages owed and for which each will be issued a W-2 form, and half shall represent liquidated damages for which a 1099 Form will be issued. Defendant will also pay to Plaintiffs' counsel, the amount of $26,300, as costs and attorneys' fees through the date of dismissal. No claims other than the FLSA claims asserted (or which could have been asserted) in this action are being released.

### III. Argument And Citations To Authority

### A. The Settlement Agreement Should Be Approved As It Is A Fair And Reasonable Compromise Of Disputed FLSA Claims

It is beyond dispute that <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982) requires that the Court scrutinize any proposed compromise of FLSA claims for "fairness". However, the criteria the Court is to consider in determining "fairness" is not as clear. As the court in <u>Dees v. Hydradry, Inc.</u>, 706 F.Supp.2d 1227, 1240-41 (M.D. Fla. 2010) noted:

> Lynn's Foods requires the parties to an FLSA compromise to present the proposed agreement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." 15 679 F.2d at 1353. Although noting the unfairness of the settlements at issue, Lynn's Food specifies no criteria for evaluating the "fairness" of a proposed compromise in a different case. <u>Bonetti v. Embarq Management Co.</u>, ___ F. Supp. 2d ___, 2009 U.S. Dist. LEXIS 68075, 2009 WL 2371407, at 4 (M.D. Fla. Aug. 4, 2009), describes the problem faced by a district court:
>
>> **Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.** Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

> Nevertheless, the district court must "scrutinize the settlement for fairness." To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

(Emphasis added.). The "internal factors" to be considered are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. Id. at 1241.

The "external factors" concern whether the compromise frustrates the purposes of the FLSA. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." Id. at 1244. As shown below, the factors strongly favor approving the proposed settlement.

### B. The Internal Factors Demonstrate That The Settlement Agreement Is Fair And Reasonable And Should Be Approved

### 1. There Is No Collusion Behind The Settlement

This was a highly contentious and disputed litigation, which was vigorously defended by Defendant. Counsel for the parties regularly discussed damages calculations and legal theories justifying their demands and settlement offers and offers of judgment. It is therefore clear that there is no collusion between counsel for the Plaintiffs and Defendant. This factor strongly militates in favor of approving the proposed settlement.

### 2. The Complexity, Expense, And Likely Duration Of The Litigation Favor Approving The Proposed Settlement

As is typical in "off the clock" cases, for which documentary evidence of actual times worked was lacking, this case turns on the credibility of witnesses, which makes the amount of damages to be awarded inherently uncertain and not susceptible to summary judgment. If the settlement is not approved now, numerous depositions would need to be taken and the litigation would take a considerable amount of time to conclude. This would include a full jury trial.

As such, the expense and likely duration of the litigation also support approving the Settlement Agreement, as the amount to be recovered by each Plaintiff is within the range of damages, including liquidated damages each could

recover at trial. Spending hundreds of dollars per hour in legal fees to litigate over small amounts of disputed time (to be paid at overtime rates of approximately $27.00 per hour) would be wasteful and minimally helpful. It is clear that this case is being aggressively litigated by both sides and that it would otherwise not be resolved quickly. This factor militates in favor of approving the proposed settlement.

### 3. The Stage Of The Proceedings And The Amount Of Discovery Completed Support Approving The Settlement Agreement

Defendant had provided all time records and payroll information for the plaintiffs, and both plaintiffs provided written discovery responses, as well as detailed information to their counsel about the nature of the uncompensated and undercompensated work they claim to have performed and the amount of time they allege that it took to perform that work. The deposition taken also sheds light on these issues. As such, Plaintiffs and their counsel had sufficient information at the time the case was conditionally settled to determine a reasonably accurate range of damages and recoveries. These calculations have been validated by the fact that both plaintiffs approve of the settlement. This factor, too, weighs in favor of approving the Settlement Agreement.

### 4. The Probability Of Plaintiffs' Success And The Range Of Recovery Support Approving The Proposed Settlement Agreement

Based on the pleadings and the discovery engaged in to date, it is Plaintiffs' counsels' position that Defendant will not prevail on the merits of the individual claims *i.e.* – obtain a judgment against each plaintiff. Defendant disagrees and believes that the documentary and testimonial evidence will demonstrate that some of the Plaintiffs' claims, especially as to amount of damages, are without merit. This uncertainty of prevailing on the merits and damages amounts weighs in favor of Plaintiffs' decision to accept the settlement.

It is also not certain whether or not the Court will grant a motion to certify this two person class. This is an important factor to consider in determining if the settlement is fair. Defendant submits that given the different job titles and duties (Owens was a teller coordinator and Silhavy a teller), and the individualized factual circumstances apparent from the record, the Court is likely to deny a motion to certify the case. Plaintiffs believe that the evidence shows a common policy or practice in violation of the FLSA at the one branch in which Plaintiffs worked and that the case should proceed collectively. However, neither the parties or this Court know at present how the Court would rule on such a motion, as the relevant facts were being developed in discovery at the time the case was

conditionally settled. Nevertheless, the mere possibility of the motion being denied and Silhavy being dismissed and having to refile her claim individually, is a factor supporting Plaintiffs' decision to accept the Settlement, rather than risk this outcome in the future.

### 5. The Range of Possible Recovery Supports Approval Of The Settlement Agreement

As the parties have exchanged sufficient information, and Plaintiffs have provided their counsel with additional information, the range of possible recovery for both plaintiffs has been determined. Both will recover more than the maximum amount of actual wages they seek, although half the proceeds to each plaintiff will be classified as wages and half as liquidated damages.

### 6. The Opinions of Counsel Support Approval Of The Settlement Agreement

This Court should approve the Settlement Agreement because both Plaintiffs have approved it, and the terms of the Settlement Agreement, the formula used to calculate the settlement amounts and the actual settlement amounts to each plaintiff were expressly and clearly explained to each. Each of these plaintiffs is legally competent and is in the best position to make financial decisions affecting them and their families.

### C. The "External Factors" Support Approving The Settlement Agreement

As discussed above, the "external factors" discussed in Dees, 706 F. Supp. 2d at 1244, concern whether the compromise frustrates the purposes of the FLSA. Factors to be considered are whether the compromise requires confidentiality, whether there exist other similarly situated employees, the likelihood that the claimant's circumstance will recur, whether there is a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, "or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." Id.

These factors overwhelmingly favor approving the Settlement Agreement. The compromise does not require confidentiality, and the likelihood that the alleged violations will recur is minimal, as the records indicate that the alleged violations are no longer occurring. Further, Defendant has obtained affidavits from most of the other employees who worked with Plaintiffs and they have indicated they were properly paid the wages due to them under the FLSA. As the external factors support approval of the Settlement Agreement, the parties respectfully request that this Court approve it.

### D. The Amount Of Attorneys' Fees And Costs Are Well Below The Lodestar And Are Therefore Fair And Reasonable

As part of the settlement, Defendant will be paying $26,300 in combined fees and costs to Plaintiffs' counsel. This amount is well below the lodestar, as Billips & Benjamin LLP has over $30,000 in fees, through January 3, 2013 and costs of $1,604.06, for a total exceeding $31,600. The amount sought in the Settlement Agreement represents an approximate 18% reduction from the lodestar. As such, it is clearly fair and reasonable to the Plaintiffs.

Contemporaneous with this filing, Counsel have submitted documentation regarding the number of hours they have devoted to this litigation through December 31, 2012. They have likewise submitted evidence substantiating their applicable "hourly rates." The Declarations of Counsel submitted herewith set forth the following hourly rates:[1]

---

[1] The declarations of Benjamin and Carter address the factors to be considered in arriving at an appropriate lodestar as required by Johnson v. Georgia Highway Express, Inc., 488 F.2d 715 (5th Cir. 1974). The 12 factors enumerated in Johnson are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

| Time Keeper | Rate |
|---|---|
| Mitchell D. Benjamin | $350 |
| Meredith J. Carter | $295 |

As set forth in the accompanying Declarations of Counsel, these rates are consistent with the reasonable and customary rates charged by attorneys in the Atlanta legal market who possess similar skill, experience, training, education, and reputation. In addition to the Declaration submitted by affected Counsel, the reasonableness of the rate of Mr. Benjamin is also independently verified by the Order approving his rate in FLSA cases signed by Judge Walter E. Johnson earlier this year. That rate has also been approved in J.D. Phillips v. City of Atlanta, 1:10-CV-2427-WEJ (Docket 58, p. 8).

WHEREFORE, the parties respectfully request that this Court approve the Settlement Agreement in full, including the amount of fees and costs agreed upon and award such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted, this 9th day of January, 2013.

/s Mitchell D. Benjamin  
Mitchell D. Benjamin  
Georgia Bar No. 049888  
benjamin@bandblawyers.com  
Meredith J. Carter  

/s Sharon P. Morgan  
Sharon P. Morgan  
Georgia Bar No. 522955  
morgan@elarbeethompson.com  
Tracy L. Glanton

| | |
|---|---|
| Georgia Bar No.325422 | Georgia Bar No. 415008 |
| carter@bandblawyers.com | glanton@elarbeethompson.com |
| BILLIPS & BENJAMIN LLP | ELARBEE, THOMPSON, SAPP |
| One Tower Creek, Suite 190 | & WILSON LLP |
| 3101 Towercreek Parkway | 800 International Tower |
| Atlanta, Georgia 30339 | 229 Peachtree Street, N.E. |
| (770) 859-0751   Telephone | Atlanta, Georgia  30303 |
| (770) 859-0752   Facsimile | (404) 659-6700   Telephone |
| | (404) 222-9718   Facsimile |
| Attorneys for Plaintiffs | Attorneys for Defendant |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE OWENS,<br>Individually AND On Behalf of All<br>Others Similarly Situated, | : <br> : <br> : <br> : | CIVIL ACTION FILE NO.:<br>1:12-CV-01471-RWS |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | JURY TRIAL DEMANDED |
| SUNTRUST BANK, | : <br> : | |
| Defendant. | : | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned hereby certifies that this day, I electronically filed the annexed **JOINT MOTION TO APPROVE SETTLEMENT IN THIS FLSA ACTION AND BRIEF IN SUPPORT THEREOF**, which complies with the type and format (including type and point size) selections as set forth in L.R. 5.1(B) and 7.1(D), N.D. Ga. as being prepared in 14 Point Times New Roman with no more than ten (10) characters per inch, with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    Sharon P. Morgan, Esq.
    Tracy L. Glanton, Esq.

Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.W.
Atlanta, Georgia  30303

Respectfully submitted this 9th day of January, 2013.

/s Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia.  30339
(770) 860-0751     Telephone
(770) 860-0752     Facsimile
benjamin@bandblawyers.com